FILED
2011 Nov-14  AM 09:52
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **TERESAMINGO M. GAMBLE,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CV-10-S-3530-NE** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant, Teresamingo Gamble, commenced this action on December 20, 2010, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits.  For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant was represented by an attorney during the administrative proceedings, but she is proceeding *pro se* with her appeal in this court.[1]  She filed a brief in support of her claim, asserting that she has never been able to perform work at the level of substantial gainful activity, and that the Social Security Administration did not fully and fairly review her claim.[2]  Claimant did not offer any more specific arguments to support her claim for disability, and she did not point to any specific portions of the ALJ's decision she found to be faulty.  Even so, this court has carefully reviewed the entire record in reaching its determination of the merits of claimant's appeal.

Claimant initially alleged that she became disabled on May 1, 1985, due to post-traumatic stress disorder, hypertension, obesity, rape trauma syndrome, anxiety, scoliosis, arthritis, skin cancer, and vision problems.[3]  At the administrative hearing, the onset date was amended to July 1, 2009.[4]  The ALJ found that claimant suffered from the severe impairments of degenerative disk disease of the cervical and lumbar spine, degenerative joint disease of the knee, and obesity.[5]  Claimant also suffered from other impairments, including right arm and shoulder pain, headaches,

---

[1] Tr. 10 (hearing transcript) ("The claimant is represented by R.D. Pitts, an attorney.").

[2] *See* doc. no. 1 (Complaint); doc. no. 10 (brief of claimant).

[3] Tr. 171.

[4] *See* Tr. 10.

[5] Tr. 12.

hypertension, skin cancer, scoliosis, vision problems, insomnia, post-traumatic stress disorder, anxiety, and depression, but those impairments were not "severe," as that term is defined by Social Security regulations, because they did not cause any significant limitations on claimant's ability to perform work-related activities.[6]  *See* 20 C.F.R. § 404.1520(c) (defining a "severe" impairment as one that "significantly limits [a claimant's] physical or mental ability to do basic work activities").  Despite the presence of severe impairments, claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments, and she retained the residual functional capacity to perform light work activity, except that she could only occasionally perform postural activities.[7]  The ALJ then relied upon vocational expert testimony to determine that a person of claimant's age, education, work experience, and residual functional capacity would be able to perform claimant's past relevant work as a hostess/greeter.[8]  Accordingly, the ALJ found that claimant had not been under a disability, as defined by the Social Security Act, from July 1, 2009, through the date of the administrative decision.[9]

Upon review of the entire record, the court concludes that the ALJ's findings were supported by substantial evidence and in accordance with applicable law.

---

[6] Tr. 12-17.

[7] Tr. 17.

[8] Tr. 27-28.

[9] Tr. 28.

3

First, the record supports the ALJ's determination that claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments.  Indeed, it appears that claimant did not even make such a claim during the administrative proceedings, and she has not asserted any such argument before this court.

The ALJ's findings about claimant's severe and non-severe impairments also were supported by substantial evidence and in accordance with applicable law.  There is no evidence that claimant suffered any significant functional limitations from a shoulder injury, headaches, hypertension, skin cancer, scoliosis, or vision problems. Further, the ALJ gave proper consideration to claimant's obesity, noting her record of attempted weight loss and discussing her obesity in connection with other impairments.  *See* SSR 02-1P, 2000 WL 628049, at *6-7 (stating that the effect of a claimant's obesity on the claimant's other impairments should be considered in the disability determination process). With regard to claimant's allegations of mental health impairments, the record reflects that claimant has received little treatment for such issues in the recent past, and has sometimes failed to mention any mental health concerns to her treating physicians despite frequent visits during which she discussed a number of other complaints.  Furthermore, the ALJ's assessment of claimant's lack of credibility with regard to her mental impairments due to inconsistencies in her

4

testimony and varying reports to different treating sources was supported by substantial evidence.

The ALJ's residual functional capacity finding also was supported by substantial evidence.  The ALJ properly considered claimant's subjective complaints of pain.  To demonstrate that pain or other subjective symptoms render her disabled, a claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).  If an ALJ discredits subjective testimony on pain, "[s]he must articulate explicit and adequate reasons."  *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

The ALJ properly applied this standard.  The ALJ found that claimant's medically determinable impairments could be reasonably expected to cause the symptoms she alleged, but nonetheless concluded that claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms were not credible to the extent they were inconsistent with a residual functional capacity to

perform light work with postural limitations.[10]  The ALJ carefully, and with great detail, articulated the basis for her credibility finding.  There is no need to reiterate those extensive findings here.  It will suffice to say that the ALJ's residual functional capacity finding was supported by substantial evidence of record.

Finally, it is significant that the medical records dating *after* claimant's amended onset date of July 1, 2009, do not reflect any significant changes from the time period *before* her amended onset date, when claimant still was engaging in substantial work activity.  For example, on March 31, 2009, Dr. Stan Faulkner stated that claimant could lift up to fifty pounds and released her to return to work.[11]  There is nothing in the record that causes this court to question Dr. Faulkner's assessment. *After* July 1, 2009, claimant's treatment records from Dr. Scott Anderson indicate that claimant displayed lumbar tenderness and decreased range of motion of the spine, but that her medications had proven effective in controlling her symptoms.[12]  Those records certainly do not indicate any significant worsening of claimant's symptoms since March 31, when Dr. Faulkner released her to return to work.

In conclusion, the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards.  While claimant has undoubtedly

---

[10] Tr. 19.

[11] Tr. 531.

[12] Tr. 586-94

suffered from multiple medical conditions, there is no substantial evidence that any of her conditions, or a combination of all of them, resulted in disabling impairments. Accordingly, the decision of the Commissioner is AFFIRMED.  Costs are taxed against claimant.  The Clerk is directed to close this file.

DONE this 14th day of November, 2011.

United States District Judge